# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CLARK BRUNSON, JR., | Case No. 3:16-cv-00368 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| MONTGOMERY COUNTY, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Clark Brunson, Jr. initially filed this case *pro se* and *in forma pauperis* asserting claims of discrimination and retaliation against Defendant Montgomery County, Ohio. Plaintiff claimed, in part, that Defendant terminated his employment in retaliation for his opposition to various alleged acts that Defendant, or its employees, committed in violation of federal and state law. In response, Defendant Montgomery County filed a Motion to Dismiss for failure to state a claim upon which relief can be granted (Doc. #9), which Plaintiff opposed. (Doc. #11). Plaintiff also filed a Motion for Leave to Amend Complaint and a Proposed Amended Complaint (Doc. #s 12, 14), which Defendant opposed (Doc. #17).

In January 2017, Plaintiff secured representation by counsel, who entered his appearance. On April 28, 2017, Plaintiff—through his newly retained counsel—filed a

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Motion to Withdraw Plaintiff's *Pro Se* Proposed Amended Complaint and Leave to File Amended Complaint (Doc. #s 23, 24). Defendant[2] opposes allowing Plaintiff to amend his Complaint on two main grounds: (1) There has been undue delay caused by Plaintiff's filing his most recent Motion to Amend Complaint, resulting in prejudice to Defendant; and (2) permitting Plaintiff to amend his complaint would be futile because his proposed amended complaint fails to cure the factual deficiencies in his original complaint.

**Delay and Prejudice**: There was a delay of eight months from the date Plaintiff filed his original complaint (8/30/2016) and the date he filed his second proposed amended complaint 4/28/2017). Delay alone, however, does not constitute a valid basis for denying a motion to for leave to amend a complaint. *See Dana Corp. v. Blue Cross & Blue Shield*, 900 F.2d 882, 888 (6th Cir. 1990); *see also Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005). The delay must prejudice the opposing party. *Dana Corp.*, 900 F.2d at 888. Prejudice may arise when adding a new claim to a complaint would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). "The longer the period of an

---

[2] Defendant's Response in Opposition refers to itself as both a single Defendant and multiple "County Defendants." (Doc. #25, *PageID* #253). This Report uses the singular "Defendant" because Plaintiff has not been granted leave to amend his *pro se* Complaint and Montgomery County is the only Defendant presently involved in this case.

unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id*. (citation, quotation marks, and brackets omitted).

The delay in the present case is partly explained by the fact that Plaintiff was not able to retain counsel until nearly five months after he filed his original *pro se* complaint. His retained counsel understandably needed time to assess how to proceed and whether to add to, or subtract any claims from, Plaintiff's complaint. Given the potentially detailed factual underpinnings and the need for close attention to a large body of statutory and case law, Plaintiff's counsel did not take an unreasonable amount of time in doing so. It is, moreover, vastly preferable to have all parties represented by counsel in order to promote efficient and just case management. And, Defendant does not contend, and the record does not indicate, that any delay was caused by alleged misconduct or bad faith by Plaintiff.

Defendant argues that prejudice exists because the second proposed amended complaint adds two new federal claims (FMLA and ADA claims[3]), state-law claims of discrimination and retaliation, plus three new party defendants. The new claims, according to Defendant, do not relate back to the facts set forth in the original complaint. Defendant further contends that it was not given notice of these new claims, which invoke different defenses and different potential relief for Plaintiff. Defendant concludes that having to litigate these new claims against new defendants nine months into the lawsuit is both prejudicial and imposes an undue burden on Defendant.

---

[3] Referring to the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq*., and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*.

Defendant's contentions do not demonstrate that it will suffer prejudice if Plaintiff is given leave to amend his complaint. The parties have not yet engaged in any formal or meaningful discovery, and the parties have thus far focused their resources on litigating the adequacy of Plaintiff's complaint and proposed amended complaints. There is, moreover, no impediment hindering Defendant from presenting any different defenses to Plaintiff's proposed new claims or from otherwise litigating this case. For example, Defendant presently offers meaningful contentions concerning the futility of allowing Plaintiff to file his proposed amended complaint. Given Defendant's ability to challenge Plaintiff's second proposed amended complaint on futility grounds, no prejudice is imposed on Defendant's ability to seek dismissal of Plaintiff's pleadings or to further litigate this case if conducting discovery and additional proceedings become necessary. *Cf. Siegner v. Township of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016) ("Allowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice on defendants.").

**Futility**: Without a showing of prejudice, Defendant turns the Court's attention to the potential of futility defeating Plaintiff's second proposed amended complaint. Defendant contends that two of the proposed party defendants—Montgomery County Human Resources Department and Montgomery County Environmental Services—are not legal entities and, therefore, are not capable of being sued (i.e., not *sui juris*).

Leave to amend a complaint is "freely given as just so requires." Fed. R. Civ. P. 15(a); *see Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006). When a proposed amendment to a complaint would be futile, such as when it would not withstand

4

a Rule 12(b)(6) motion to dismiss, denial of leave to amend is warranted. *See Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005); *see also Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991); *Burgess v. Fischer*, 766 F.Supp.2d 845, 849 (S.D. Ohio 2010) (Rose, D.J.).

The cases upon which Defendant rests its *sui-juris* contention concern, in part, certain county entities in Ohio that were found to be *sui juris*. *E.g., Marin v. Cleveland Clinic, et al.*, 1:09cv2090, 2010 WL 359699, at *4-*5 (N.D. Ohio 2010). Defendant, however, overlooks that Plaintiff's proposed amended complaint in the present case identifies Montgomery County Environmental Services as Plaintiff's "direct employer." (Doc. #24, *PageID* #200, ¶2). It might well turn out that this county entity or one of the other county defendants fit the definition of Plaintiff's "employer" under Title VII, the ADA, or the FMLA. It is too early to say, however, at the pleadings stage for the reasons set forth in the thorough discussion in one case Defendant cites, *Black v. Hamilton County Public Defendant Comm'n, et al.*, No. 1:12cv503, 2013 WL 684394, at *4-*6) (S.D. Ohio 2013) (Litkovitz, M.J.), *Report and Recommendation* adopted, 2013 WL 1155253, at *1 (S.D. Ohio 2013) (Dlott, C.J.). As in *Black*, it is unclear at present which of the county defendants was Plaintiff's "employer" for purposes of his Title VII, ADA, FMLA, and state-law claims, although one of them doubtlessly was in light of Plaintiff's well-pled factual allegations.

Defendant next contends that permitting Plaintiff to amend his complaint would be futile because it would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

5

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). This does not demand "detailed factual allegations," but the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Mere labels and conclusion are likewise insufficient. *Id*. "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016).

"Title VII … prohibits employers from 'discriminat[ing] against ... [an] employee ... because [the employee] has opposed any [unlawful] employment practice, or because [the employee] has made a charge' that the employer has engaged in an unlawful employment practice." *Yazdian v. ConMed Endoscopic Tech., Inc.,* 793 F.3d 634, 644 (6th Cir. 2015) (quoting, in part, 42 U.S.C. § 2000e–3(a)).

Defendant challenges Plaintiff's Title VII retaliation claim as lacking requisite factual allegations demonstrating that (1) Plaintiff opposed conduct that would in actuality be deemed unlawful under Title VII, and (2) Plaintiff had a reasonable good-faith belief that he opposed conduct unlawful under Title VII. These contentions lack merit.

At this stage of the case, Plaintiff does not need to allege facts showing he opposed conduct that would in actuality constitute a violation of Title VII. Rather, to fall under Title VII's protection from retaliation, Plaintiff must allege facts sufficient to show

6

that "he challenged an employment practice that he reasonably believed was unlawful." *Yazdian*, 793 F.3d at 645; *see Johnson v. University of Cincinnati*, 215 F.3d 561, 579-80 (6th Cir. 2000) ( "a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful."). Taking as true the facts in Plaintiff's proposed amended complaint, he describes circumstances sufficient to show his reasonable belief that Defendant engaged in conduct that was unlawful under Title VII. He alleges that he pursued two grievances (in July and October 2013) concerning Defendant's purported discriminatory hiring practices related to his applications for several jobs, including the position of Crew Leader 1. Plaintiff is African-American. He alleges that he was a qualified candidate for these jobs but was not considered for them and encountered ambiguous hiring qualifications. Among several grievances Plaintiff filed concerning alleged harassment and bullying, he filed two grievances in August 2014 alleging harassment, racial discrimination, bullying, and retaliation. Assuming Plaintiff was forced to endure the misconduct alleged in his proposed amended complaint and attached grievances, rational grounds existed for him to believe in good faith that Defendant engaged in discriminatory conduct. Additionally, in late August 2014 and in March 2015, Plaintiff filed charges of race discrimination with the Ohio Civil Rights Commission. Plaintiff's grievances and his OCRC charges constituted activity protected by Title VII. *Johnson*, 215 F.3d at 579 ("The Equal Employment Opportunity Commission … has identified a number of examples of 'opposing' conduct which is protected by Title VII, including complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices …."); *see E.E.O.C. v. New*

*Breed Logistics*, 783 F.3d 1057, 1067 (6th Cir. 2015) ("We agree with the EEOC that a complaint to a harassing supervisor qualifies as protected activity"; "[t]he opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices."). For these reasons, Plaintiff's proposed amended complaint plausibly describes his good-faith opposition to alleged activities made unlawful by Title VII.

Defendant next contends that the proposed amended complaint fails to set forth facts showing that he suffered from a serious health condition entitling him to FMLA leave or that he had FMLA leave available to him.

To state a violation of the FMLA, Plaintiff must allege facts showing "that: (1) [he] was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) [he] was entitled to leave under the FMLA, (4) [he] gave the employer notice of [his] intention to take leave, and (5) the employer denied the employee FMLA benefits to which [he] was entitled." *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

Plaintiff alleges that he followed instructions to call-in each day while his FMLA paperwork was processed and that he did so until he was told, in March 2015, that his FMLA documents had been successfully processed and he had been released from work. Plaintiff's physician also indicated that the proper FMLA paperwork had been submitted. Yet, Plaintiff was later told that he was in violation of his employer's attendance policy and his efforts to correct the problem did not succeed because Defendant refused to accept the corrected forms. His employment was terminated in May 2015.

Several of the required FMLA elements are seen in Plaintiff's allegations that his physician submitted the required FMLA paperwork and that Defendant told Plaintiff it had successfully processed the paperwork. Assuming these events occurred, Defendant essentially acknowledged that Plaintiff was an eligible employee entitled to take FMLA leave and that he gave Defendant notice of his intention to take FMLA leave. In addition, Plaintiff sufficiently alleges that Defendant denied him FMLA leave to which he was entitled. This is seen in his allegation that, after successfully processing his FMLA paperwork, Defendant later notified Plaintiff that he was in violation of its attendance policy. And, when he attempted to correct the problem, Defendant denied Plaintiff FMLA leave to which he was entitled by refusing to accept Plaintiff's corrected forms. For all these reasons, Plaintiff's proposed amended complaint states a plausible FMLA interference claim.

Defendant lastly argues that the proposed amended complaint fails to show (1) Plaintiff had a qualifying disability or (2) Defendant denied him any service or activity protected by the ADA.

To raise a prima facie violation of the ADA, a plaintiff must allege facts showing, in part, that he or she has a disability. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). "Under the ADA, the term 'disability' means a physical or mental impairment that substantially limits one or more major life activities of an individual; a record of such an impairment; or being regarded as having such an impairment. *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 892 (6th Cir. 2016) (citing 42 U.S.C. § 12102(1)).

Plaintiff alleges that the back and neck injuries he suffered in June 2014 and January 2015 substantially interfered with his ability to lift heavy objects, a major activity required of his job with Defendant. He alleges that Defendants refused to allow him to perform light-duty work within his own department.

Plaintiff's proposed ADA claim is not based on sufficient facts, when taken as true, to show that he was under a "disability" under the ADA's definition. Plaintiff's proposed amended complaint does not identify the particular injury he suffered in his back or neck, and he provides no indication that he is limited by those injuries except as to his ability to lift heavy objects. At most, his allegations show he might have some restrictions caused by his back but even this is conjecture given the lack of additional information. Plaintiff's proposed amended complaint therefore fails to raise a plausible assertion that his back and neck injuries constitute a disability under the ADA. *Cf. Adams v. Potter*, 193 F. App'x 440, 444 (6th Cir. 2006) (suggesting, in dicta, "to classify Adams as disabled because he cannot lift heavy objects or stand for long periods of time or engage in repetitive bending, twisting, or stooping motions would require a broad definition of disability—a definition that would cover almost everyone who suffers from back problems. Such a definition is too broad and has been rejected by at least one of our sister circuits.") (citing, and parenthetically quoting, *Mays v. Principi,* 301 F.3d 866, 869 (7th Cir. 2002) ("The number of Americans restricted by back problems to light work is legion. They are not disabled.").

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint is well taken with the exception of Plaintiff's proposed ADA claim (Count III), which should be dismissed under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Motion to Withdraw Plaintiff's Pro Se Proposed Amended Complaint and Leave to File Amended Complaint (Doc. # 23) be granted, in part, and Plaintiff's proposed Amended Complaint (Doc. #24) be accepted as filed with the exception of Count III, which should be dismissed under Fed. R. Civ. P. 12(b)(6);

2. Defendant's Motion to Dismiss (Doc. #9) be denied as moot; and

3. Plaintiff's pro se Motion for Leave to Amend (Doc. #12) be denied as withdrawn and moot.

August 3, 2017                          *s/Sharon L. Ovington*
                                                           Sharon L. Ovington
                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).